Good morning. My name is Connie Walker. I represent the appellant, Deputy Locure, actually the estate. And by the way, I am from Montgomery, so if you wanted to go to Montgomery, that would have been all right. But anyway. This case, in my opinion, all boils down to whether the 14th Amendment Substantive Due Process Clause will become the new font of tort law in the 11th Circuit. As you know, there have been warnings from the court for years and But before I get into that, I want to mention one thing about the district court's order. I believe there is an inherent contradiction in that order. Please recall that the court held that my client, a deputy sheriff, was all for personal pursuit at the time of this motor vehicle accident. He was not on any business. He was just purely pursuing. That's basically what the complaint alleges. The court had to take the allegations that the complaint is true. Correct. That is what the complaint alleges, right? Yes, the complaint alleges he was not. He had gone into work. He's on his way home. He can drive the office car. He was in his deputy vehicle. But he wasn't on duty. Well, I think he was on duty because this was his day off. He'd been called in to go in, take care of the canine, and he completed his work duties and is on his way home. Yeah, but that's not on duty, right? The complaint alleges he's no longer on duty. It does. And we have to take that. I understand. But the complaint also alleges he had been called in and he was on his way home. I mean, I actually think that helps you. Just speaking for myself, Ms. Walker, that he's not on duty because the question is whether an officer would have fair notice that he violates the The weird thing about it, though, is it's almost like I wonder whether for purposes of a qualified immunity appeal, he's exercising a discretionary authority. You had argued he wasn't in the district court, but no one's contested that on appeal. So it seems like that's really not before us. Of course, if that were before us, we might have to dismiss the appeal because it's not a proper qualified immunity appeal, but that again doesn't appear to be before us. I mean, the district court, to that point, the district court dropped a footnote in its order saying that the parties were both skirting that issue of whether or not he was on duty, acting under color of law, whether or not if he was or he wasn't, then he was exercising a discretionary authority or the like and sort of suggested it's a double edged sword for both parties. You may win on one side, but if you win on one side, you may lose on the other side of the of the coin. In other words, if he's acting under color of law, right, then he's probably exercising a discretionary authority. But if he's not, then he loses qualified immunity. But you may have trouble on the of law issue for 1983 purposes. That's exactly right. And it's our position that since he found that my client was acting purely for personal pleasure, then that's the antithesis of state action. So if we don't have state action. Well, no, that's that's go ahead. Go ahead. That doesn't seem like something that's in front of us right now. Right. That also that also is not exactly right, because you can have in a different scenario, you can have a police officer who is on duty, but does something that abuses the power given to him by the state for his personal reasons. And that doesn't necessarily vitiate the color of law requirement. You understand what I for purposes of Section 1983 and doing something wholly gratuitous and willful and wrong that for his personal satisfaction that could nevertheless subject him to 1983 liability. And I think the Tenth Circuit case that the district court relied upon, that's what happened in that case. That officer was not on duty. He got in his car, turned on his siren, and he blew through 10 intersections in downtown Albuquerque. When he came to the 11th, he hit someone and killed somebody. And so what he did and the court said, we have state action because he used his position as a state actor to break the law because he could basically, you know, so but that's not what we have here. Again, we have the... Well, he was in his patrol vehicle. He was. Okay. But he wasn't abusing his power as a state officer in order to break the law. He didn't have the blue lights on. He didn't have any lights. If he had his lights on, he would have been like the officer. He didn't even have his headlights on. Correct. He would have been like the officer in... Drunk, you know, speeding an unbelievable rate in a, what, 70 miles an hour in a 25 zone, something like that. That's what it's in. So, wow. I guess I don't understand how the egregiousness of the misconduct somehow helps you. Could you just connect those dots to me? How the egregiousness? Yeah, so this police officer was really egregious in this using his police vehicle. It would have been, frankly, better for everybody had he had his lights on because then this wreck probably wouldn't have happened. But he was using it so egregiously, so recklessly. How does that assist you in your case? That's the officer in New Mexico. He was... Oh, I'm sorry. No, this one, the one in New Mexico wasn't drunk. This one's drunk. Correct. But the one in New Mexico had his lights on. This one doesn't have his lights on. But the one in New Mexico is the case that the district court relied upon. Right. And he said he was pursuing his personal, everything was for his personal pleasure. And so I refer the court to Butler v. Palm Beach, 11th Circuit case. Yeah, and so that's the one I don't understand. How, if the police officer here in your case had had his lights on, how would that have made a difference? I don't understand how that would have made a difference in your favor. I mean, against you. I don't. If my client had had his lights on, I don't think that would help him. No, I don't. Because he would have seen the person in front of him and... You know what I'm saying? How would that convert? You're saying that there was no state action because he didn't have his blue lights on. I'm trying to figure out what the difference is. I'm saying that he did not abuse his state power. He did not turn his lights on in order to speed and get everyone out of the way and show them, get out of the way, I'm going to speed and go where I want to just because I can. That's my point on that. So on the substantive side of the claim, not the clearly established side of the qualified immunity analysis, what do you think the mental state needs to be in a scenario like this one, where there's not pursuit or a chase? I think the mental state needs to be what this court has said all along, and that is intent to injure. It's the kind of conduct that gives rise to a substance of due process violation in a non-custodial context. We haven't addressed this precise factual scenario. That's right. And you've got cases from three other circuits that suggest where there's no pursuit or a chase that you don't need intent to injure. Why do you think those cases are wrong on that point? Because this court has already held at least twice that it does not need to be an emergency situation for a law enforcement officer to not be guilty of substantive due process. You have used the same standard, intent to injure, when there's been a high-speed chase for a law enforcement officer and when the officer has just been driving his vehicle. And that was the Rooney case and the Wilcox versus Finn. So let me ask you on the intent front. So the allegations and the complaint are that he was you know driving the vehicle drunk. There's also an allegation though that after the wreck he fled the scene and refused to aid the person that he hit. Why isn't that intentional? That's not in the substantive due process count. Okay. That's in the the state law claims for violation of rules of the road. But that's not in the, that's not in the, no wait, that's not in the statement of facts? It's in the statement of facts. But it's not incorporated? They do incorporate the statement of the facts. All of the statement of facts for the purposes of the federal claim? Sorry? Do they incorporate all the factual allegations for purposes of the federal? Yes, they do. Okay. So let's just assume for purposes of my question that that's the, that's what they say. Why isn't that intentional? Because the due process violation had already occurred. It occurred when the collision happened and and that was the end of the violation. What happened afterwards I don't think is relevant to whether this was intent. You say the due process violation has already occurred but your argument is that there was no due process violation. So I'm trying to figure out. So couldn't, couldn't you say look the due process violation, let's assume, let me just assume another fact, let's assume that their police officer who was driving perfectly fine, he was driving perfectly fine, he was going to the scene of an accident, it was clearly within his authority to do so, he needed to do it and he accidentally hit someone, a pedestrian, hit some, knocks him the side of the street. Could someone not make a claim that failing to stop and render assistance after accidentally hitting someone is an intentional act? Could someone make the claim? They possibly could. Well, I mean, would it be a valid claim? I don't think it would be valid because I don't think there's intent to injure that person and that's what you all, that's what it boils down to in my opinion. So if I accidentally push someone into, you know, a swimming pool and they're drowning and then I walk off without, I accidentally pushed them in but then I walk off without assisting them, there's no intent to that act? Well, that's a different fact situation. Well, I mean, it's the same thing, it's the same idea, right? Yeah, in the first one he kept going because he needed to get to where his job said. He had an emergency situation. In the one you just said then, it would depend on the facts of the case. Why did he walk away? You know, did he walk away because he just didn't care? In this case, he had nowhere to go, right? He was just, he was evading the scene of his own crime. So he committed a crime and he was a state actor and he did not offer assistance. Why isn't the failure to offer assistance an intentional act? Maybe it is possibly, but I don't see them making that claim here. I'll take that. Okay, Ms. Walker, you've gone over, but I'm going to, you've saved five minutes. Let's hear from Ms. Dye. Good morning, your honors. Victoria Dye, may it please the court. I wanted to touch on something very briefly, if I could, that was referenced. It seems like you got a really good case. It's mystifying to me why you think it's a federal case. Well, that's the point. You got a really good tort case here, but this guy, by the allegations of your complaint, was off duty. It's not clear to me how an officer has fair notice for qualified immunity purposes. So if he engages in DUI, albeit in a police car, but he's off duty, that he's violated the constitution of the United States. Well, I'm glad you mentioned that. That was what I was going to speak about is the existence of our right to pursue it. Well, I'm not saying it does. I know you can have an independent federal claim, but my point is, this is the point of tort law, and the constitution is just not a fount of tort law. Okay? So what's your best case controlling authority for why this officer would have been on notice that what he did, not just was wrongful, would subject him to tort liability, but violated the constitution? Well, I will say that it's not necessarily clear that he was, quote, off duty based on what Alabama said. Well, that's the allegations of the complaint. It is. It is. And the defendants have also raised... You're stuck with that. Yeah. Well, the defendants have also raised this line of Alabama cases that says, leaving work, just the minute you leave the building, you're not necessarily off duty. If you were traveling home... Your factual allegation that that was before the district court was, he was off duty, right? That was our factual allegation. The defendants did present an affidavit saying the opposite to the district court. So, and I will say, we're at the motion to dismiss stage. We have had absolutely zero chance to do any bit of discovery, first of all, because the case was stayed pending. One of the things you do at the motion to dismiss stage is you try to figure out which claims have enough to go forward, right? That's correct. That's correct. Well, and at this point, though, Your Honor, the whole question under the state law claims here, Alabama treats sheriffs and their deputies as arms of the state. So they have absolute immunity as opposed to state agent immunity. And that is a defense that... When they're off duty? If they're off duty, then no. That's the argument that we have against it, is we're saying he was not... Which is what your complaint alleges, right? Correct. Exactly. That's correct. The defendants have raised, of course, the opposite argument to the lower court. And so at this point, we don't know what the facts are going to show. Can we get back to my question? We can. What authority would have put the officer on notice if he was off duty and he committed a DUI speeding in his squad car with no lights on that he has violated the Constitution? Well... What's the authority that would have given him fair notice of that? There are no cases that I've found that have any of these same similar facts. I will say... Okay, does that mean he enjoys qualified immunity? No, absolutely not. Because... How is it clearly established that that would be a constitutional violation? Well, to quote then Judge Gorsuch from the Browder case, which I know is Tenth Circuit, it's persuasive not binding authority. They're also different facts. They are different facts. They're much less egregious facts than the facts we have here. But in that case, the officer... But importantly, there was a use of... I'm not sure I'm persuaded by that opinion. But there was the use of the blue light, which to me is pretty important. In terms of the showing that he was acting under the color of law? Yes. You know, my only argument against... And I hear what you're saying on that point. There is no other case like this. So to be honest with you, there's just not an answer for that. I do believe, and I think that we have alleged as much, that a reasonable jury based on the facts we've argued and the claims we've made could find that Deputy Locure was driving his Sheriff's Department vehicle in this manner because he thought he could get away with it. In other words, an abuse of power situation just because he didn't have his lights on, as you point out. Or because he was drunk out of his mind. Or that. That's right. But the speed and the use of the Sheriff's Department vehicle after having just immediately left the Sheriff's Department. He didn't go anywhere else. He was literally on his way home from having just left that facility, which is a mile and a half away from where this accident occurred. And so I would just say, unfortunately, the facts of this case are so egregious that there was... Your theory is that this is a deliberate indifference claim? My theory is that it shows a conscious contempt for the lives of others, which is a deliberate or reckless indifference standard. Have we ever applied that outside of the custody context? In the 11th Circuit? Is that what you asked?  No, not that I'm aware of in this context. But again, the facts of this case are different than any of the other cases that involve non-custodial conduct. The closest one that I can find, again, is going to be that Browder case in the 10th Circuit, where there wasn't a substantive due process claim allowed to proceed. There is another case from the 4th Circuit. Dean Harkness, on behalf of Dean v. McKinney. That's a 2020 case where there was a dispute about whether or not the deputy was responding to an emergency call or not. The facts in that case showed that the deputy had been called off. In other words, he had been called to come to a scene. He was driving there. He then got a call from dispatch saying, never mind, the call is off. You don't have to come. Yet he continued to drive 42 miles over the speed limit without his blue lights or sirens on, on a dark and winding road, lost control of his vehicle, crossed the center line, hit the plaintiff and their vehicle head-on. And in that case, the 4th Circuit found that a jury could find that he was not responding to an emergency, so that there's not a custody or a rapid response situation. Tell me what the constitutional violation was in that case. In that case, the constitutional violation, I don't have, let me see if I can pull that up for you. I don't have it directly in front of me here. You realize, and you know, I said, I'll say it again, what I said at the start, I think you have a great tort case, which you've alleged sounds like an egregious tort. What I'm trying to figure out is, what about your federal claim? Violated the Constitution and was so clearly established that an officer would have been on notice, fair notice about it, so that the claim goes forward. Well, I think it's... And we don't have a qualified immunity. The 4th Circuit case was a substantive due process case, right? Correct. It's a substantive due process claim under the 14th Amendment, so the right that was violated was his right to life. Here's my concern on the qualified immunity part of it. Assume that the conduct, irrespective of mental state, is sufficient to be conscience-shocking. It seems to me that the law is relatively undeveloped in this area of substantive due process with regards to what mental state is required under these circumstances, right? Supreme Court's Lewis decision says for certain types of high-speed chase cases, under substantive due process, you need intent, right? And the question is, okay, when you're not involved in a chase, when you are not involved in pursuit, may there be a lower standard? But that issue is sort of percolating in the courts, not really all that clear, and so back to Chief Judge Pryor's question, like where's... How does an officer have notice that behaving this way may violate the substantive component of the 14th Amendment? Again, I would point to Browder and to Dean in the Fourth Circuit. I would also point to Judge... So, Justice Court, or Judge Corsich and Browder, he said that that was an obvious clarity case. That was his reasoning there. So it wasn't that it was clearly established because of a particular precedent, but he said that it was obviously clear. Correct. What's your argument that this is obviously clear, that a police officer would have known, even though there was no precedent on point and whatnot, that doing this would have violated due process? Well, I believe that we are traveling under... And I believe the district court also pointed out that our case on that element is traveling under the third option. You have to have cases with materially similar facts as one option. Other cases that will establish what the law is on the point you're trying to raise. And then there are some cases that are just so bad, the facts are just so bad, that it is obvious to any reasonable official that their conduct... So you're saying this is an obvious clarity case too? Absolutely. Okay. And so what's the reasoning for that, I guess? Because there's a problem that I have. The substantive due process standard shocks the conscience. Correct. It can't be that the substantive due process standard and the obvious clarity standard are exactly the same, right? It can't be that everything that shocks the conscience is there wouldn't be any qualified immunity for substantive due process claims. So what's the difference and what makes, in your view, this an obvious clarity case beyond just kind of how bad it was? Well, I don't really know what the difference is in a general sense here. But you're right to point out the fact that there is no measure or yardstick to say what exactly suffices as conduct that clearly shocks the conscience. And I think that is the problem in this case. Let's just assume I agree this shocks the conscience. I just assume I think you're right. This is a substantive due process violation. You've still got to overcome the hurdle of qualified immunity. And that's what I'm trying to figure out. I think Judge Jordan's questions go to as well, is how do you overcome that hurdle and say, okay, we've got the substantive due process violation, but how do we get over qualified immunity? Okay. You know, I'm sorry, give me just a second. Let me get to the court order here. And I'm sorry, let me, I wanted to clarify your question. Were you asking why this case falls under that rubric of cases where the facts are just so obvious that an official would have been on notice? I agree with you. That's in the same way as the 10th Circuit opinion. I think it's the same as the Fourth Circuit opinion. There's another, there's I think the Sixth Circuit opinion, very similar. They all go under obvious clarity. And I guess I'm trying to figure out why we should say this is obviously clear and that's the basis upon which we would deny qualified immunity. I don't really have another answer for you other than the fact of the facts and circumstances of this case are so outrageous and egregious that it would be obviously clear to me. Here's theoretically, here's the conundrum, at least for me. And I think this is where Judge Brasher was going, but if not, he can, he can correct me. It can't be that every time something is so bad that you meet the substantive due process shocks to conscience standard, you automatically lose qualified immunity. Or maybe you're saying that that's the case, that once you find a shocks to conscience standard met, then by definition you can't, you have an obvious clarity case and you can never have qualified immunity. If that's not the answer, then where's the line drawing and how do we perform it? I think the line drawing comes in where you look at, I mean, context matters. That's something that is stated throughout all of these cases. And so you're balancing this interest of the ability to protect a public or government official or police officer to be able to perform duties of their job or to be able to act, you know, in a snap judgment or rapid response scenario, which we don't have here. So I don't think it applies across the board. If something is just bad, then that's the answer. And there you go, there's no immunity. I think the other contextual circumstances here, the fact that he wasn't in a rapid response situation, he had time to actually deliberate upon his actions and reflect upon the best course of conduct. And then of course, then you add in these egregiousness factors. It's a non-custodial case as well. All of those things put together when you rise to a finding that qualified immunity does not apply in this case. I absolutely agree that when an officer is forced to act rapidly, Rooney, you know, the Rooney case, Rooney's the case where a deputy sheriff is driving his police car at night over the speed limit without his blue lights on or sirens on, crashes into another car that's alleged to be, he's on duty. He is. It's alleged to be a substantive due process violation. We say no, it's not. Correct. Here we have an off-duty officer, right, according to your complaint. Right. He's drunk, no lights on. Those to me are the differences in facts. Right. And you say to me, this officer had clear notice that what he did violated the constitution, even though we said that Rooney, it doesn't. I think Rooney's a little bit, a little bit, and my time is almost up, so I'll try to be quick. You're on my time. Okay. Thank you. Rooney is a little bit different because the court basically said no constitutional deprivation was found because he was merely speeding. So this is a case that's much more significant than that. But as to your point about him being, quote, off-duty, I do think that he would be on notice. He was driving a sheriff's department vehicle coming back from performing a sheriff's department task. And I do think that he understood and would have known that performing these, these actions, he was doing so in an abuse of power, in a manner that abused his power as a sheriff's deputy. Could I go back to Chief Judge Byers' first question, which was, you know, why, why make a federal claim out of this? And I, I noticed that you had filed this lawsuit in state court and it was removed to federal court. And I guess I kind of have the same question on the other side too. I mean, if we were to, or if the district court had dismissed this claim, the district court would have just remanded it, presumably, to state court. Why wouldn't you rather just be in state court? You filed it there in the first place. I'm trying to understand kind of the strategy on that. Sure. So again, this goes back to the question of whether or not he was still considered on duty at the time this accident occurred. Well, the reason is you want attorney's fees. Is that it? Absolutely not. I don't want this case to be dismissed on absolute immunity. So your point is, your concern is that if the court, the state court found that he's on duty, in fact, that he would enjoy state immunity? Absolutely. That's the point that I was making when I first began with, with mentioning Zinnerman versus the Alabama absolute immunity. Okay. I get it. Let's hear from Ms. Walker. Thank you. May it please the court. I know you're aware of this, but that immunity argument that was just discussed, that is not available for a deputy if he was not acting in the line and scope of his employment. He has to prove that to have that absolute immunity. If this case went back to, this case, if it went back to state court, I would, that would be fine with me. I think it belongs in state court. Why did I remove it? Because there was a federal claim and I felt more confident with the federal court looking at the federal claim. And my hope was that the court would dismiss that claim and then remand it back to state court. I don't think there's a federal claim here. I agree with you. You don't think there's a federal claim? You don't, so you, you flat out disagree with the 10th circuit approach on the substantive side of the claim? I do. Is there any case in which a police officer can drive and violate someone's due process rights? What are those? When he intentionally uses his vehicle to harm, cause harm to the person. And there's cases that talk about that. And I've discussed those in our brief. Let me say, so you're, you're, so it's not the underlying objective physical conduct, but the mental state that for you creates the dividing line. That's what the substantive process claim clause is. Historically, it applies to deliberate decisions by the government to or their liberty. Outside the custodial context, that's what our cases have seen. That's right. But the only so-called substantive due process. So I agree with the comments that I don't think he, if he's off duty, if you determine he's off duty and that's what's alleged, he didn't have fair notice that he violated the constitution. So he's entitled to qualified immunity. I don't think also that there is, let me just step back. There was a constitutional violation. This court has already ruled that the intent to harm standard applies whether the deputy was in a high speed chase or an emergency or whether he was not. And that's the court has held that twice. Let me just, let's just assume I disagree with you on that. And let's assume that I want to follow the 10th circuit, the fourth circuit, I think a bunch of other circuits and say that criminal recklessness like this could rise to the level of a substantive due process violation. You still got your qualified immunity argument. Could you help me figure out the difference between the egregiousness that is needed, the shocks, the conscience that would be needed for a substantive due process violation and the obvious clarity that would be needed to evade? Is there any difference? There's any daylight between those two? Are they the same thing? The way I understand the obvious clarity is the action, the conduct must be obviously violative of the Constitution. It can't just be obviously unlawful, which is what, or wrongful. See, the district court in this case said in its opinion, this conduct is obviously unlawful. That's not enough. It has to be obviously violative of the Constitution. How do you know if it's obviously violative of the Constitution? You look at what the, what is the meaning and the core of the 14th Amendment. And as I've said, the meaning and the reason it was passed was to stop government abuses, you know, in deliberate intent to deprive someone of their life. Very important. And I'll be through. And your argument is if we said criminal recklessness was enough, we would be, we might be clearly establishing that for the future, but not as to your client. Well, that's true. But also that, yeah, that's exactly what I was about to say. So I do think that he has, he would have qualified immunity if you were to find that. But very, let me just say this and I'll end. The plaintiff has basically admitted up here to everyone and in the complaint that this was deliberately indifferent conduct. And this court has said in the Hernandez case and several other cases, we seriously doubt if deliberate indifference can ever give rise to a substantive due process claim. That was the law when this happened. So I think first of all, I think there's no constitutional violation, but if there is, I would ask you to please give my client qualified immunity and allow them to pursue their actions in state court. Okay. Thank you, Ms. Walker. We're going to move to our last case for the day.